## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**JOHNNY LEE DUCKSWORTH**                                                    **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 2:14-CV-146-KS-MTP**

**ZACHARY ROOK,** *et al.*                                                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** Defendants' Motion to Dismiss [3]. However, Plaintiff may, within fourteen days of the entry of this opinion, file an Amended Complaint which cures certain pleading deficiencies outlined below.

### I. BACKGROUND

This is a Section 1983 case. Plaintiff alleges that he was assaulted by several officers of the Hattiesburg Police Department. He claims that an officer stopped him, grabbed him, and shoved him against his truck. Then "about a dozen officers" allegedly kicked, punched, and stomped on him as he lay on the ground. He alleges that they broke his arm, hog-tied him, hit him with a baton, and shot pepper spray in his eyes. He asserted claims under Section 1983 and state law. Defendants filed a Motion to Dismiss [3], which the Court now addresses.

### II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir.

2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. DISCUSSION

#### A.   *42 U.S.C. § 1983*

To state a plausible claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the person depriving Plaintiff of the right acted under color of State law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).

First, Defendants argue that Plaintiff failed to specifically plead the constitutional rights which he alleges were violated. To be clear, Defendants do not contend that the bare facts of the Complaint are insufficient to allege violations of constitutional rights; rather, they argue that Plaintiff's invocation of Section 1983 without an accompanying citation of a specific constitutional right is insufficient to

state a claim under Section 1983.

The Court certainly agrees that the Complaint could have been more artfully drafted. Neither a defendant nor the Court should be forced to guess the specific constitutional rights alluded to in a Section 1983 complaint. Nevertheless, Plaintiff specifically alleged that Defendants, "while acting under color of state law . . . , deprived Plaintiff of life, liberty, and the continued pursuit of happiness without both substantive and/or procedural due process of law . . . ." Liberally construed, this is an allegation that Defendants deprived Plaintiff of a protected right or liberty interest without substantive or procedural due process. *See* U.S. Const. amend. XIV, § 1; *see also Stark v. Univ. of S. Miss.*, 8 F. Supp. 3d 825, 838-42 (S.D. Miss. 2014) (discussing procedural and substantive due process claims). Therefore, Plaintiff at least pleaded Section 1983 claims for violations of the Fourteenth Amendment rights to procedural and substantive due process. Plaintiff also alleged that he was wrongfully detained, which could plausibly constitute a claim that Defendants violated Plaintiff's Fourth Amendment rights. *See* U.S. Const. amend. IV.

### B.     *42 U.S.C. § 1985(3)*

"To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purposes of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994). The plaintiff must also allege "that the

conspiracy was motivated by a class-based animus." *Id.* at 653.

Here, Plaintiff did not allege any facts indicating that Defendants' actions were motivated by "a class-based animus." *Id.* He did not even allege that he is a member of a protected class. Therefore, he failed to state a claim under 42 U.S.C. § 1985(3), and that claim must be dismissed without prejudice.

### C.  *§ 1983 Municipal/Official Capacity Claims*

Section 1983 claims may be brought against government employees "in their individual or official capacity, or against a governmental entity." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).

Municipal liability under Section 1983 requires that a plaintiff prove three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).

> A policy may be a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the government's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. A custom is shown by evidence of a persistent, widespread practice of government officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents government policy.

*Gates v. Texas Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 436 (5th Cir. 2008)

4

(citations omitted). "The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997); *see also Whitley v. Hanna*, 726 F.3d 631, 649 (5th Cir. 2013) (complaint must contain specific factual allegations about the municipal policy).

Here, Plaintiff alleged that the Defendants' alleged actions are "part and parcel of a course of conduct that resulted from a pattern and practice that has become so pervasive within the ranks of the Defendants that the same has risen to the level of policy in which the Defendants . . . has not only condoned, but encourages." However, Plaintiff alleged no specific policy statement, ordinance, regulation, or decision that was the moving force of the alleged constitutional violations. Likewise, he provided no specific facts demonstrating a "pattern and practice" of similar alleged constitutional violations. Therefore, the "Complaint fails to include sufficient facts to allow the Court to infer a 'persistent, widespread practice' . . . 'so common and well settled as to constitute a custom that fairly represents a municipal policy.'" *Fuhgetaboutit, LLC v. Columbus Police Dep't*, 2011 U.S. Dist. LEXIS 120150, at *14-*15 (N.D. Miss. Oct. 17, 2011) (quoting *Webster v. City of Houston*, 735 F.2d 838, 853 (5th Cir. 1984)). Accordingly, Plaintiff failed to state a claim under Section 1983 against the City of Hattiesburg or the individual Defendants in their official capacity, and those claims must be dismissed without prejudice.

### D.    *Failure to Train/Supervise*

"[A] municipality's failure to train its personnel can give rise to liability under

42 U.S.C. § 1983." *Kitchen v. Dallas County*, 759 F.3d 468, 484 (5th Cir. 2014). "[T]o succeed on a *Monell* claim arising from a municipality's failure to adopt an adequate training policy, a plaintiff must demonstrate that: (1) the municipality's training policy procedures were inadequate, (2) the municipality was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused the constitutional violation." *Id.* (punctuation omitted). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, – U.S. – , 131 S. Ct. 1350, 1360, 179 L. Ed. 2d 417 (2011). Here, Plaintiff failed to allege any specific deficiencies in the training or supervision provided by the City. *See Estate of Manus v. Webster County*, No. 1:11-CV-149-SA-DAS, 2014 U.S. Dist. LEXIS 43536, at *64 (N.D. Miss. Mar. 31, 2014). Likewise, Plaintiff failed to allege any specific facts demonstrating a pattern of similar violations. *Connick*, 131 S. Ct. at 1360. Therefore, he failed to state a claim under Section 1983 for failure to train or supervise, and those claims must be dismissed without prejudice.

### E.   *Hattiesburg Police Department*

The Hattiesburg Police Department is not a separate legal entity from the City of Hattiesburg. *Walker v. City of Gulfport*, No. 1:13-CV-331-LG-JCG, 2014 U.S. Dist. LEXIS 170931, at *4 n. 2 (S.D. Miss. Dec. 10, 2014); *Bradley v. City of Hattiesburg Police Dep't*, No. 2:12-CV-206-HSO-RHW, 2014 U.S. Dist. LEXIS 34446, at *7-*8 (S.D. Miss. Mar. 17, 2014). Therefore, Plaintiff's claims against it are dismissed with prejudice.

### F.     State Law Claims

Plaintiff asserted the following tort claims under state law: negligence, gross negligence, false arrest, false imprisonment, slander, libel, assault, battery, conversion, civil conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress. Defendants provided several arguments related to these claims.

*1.     MTCA – § 11-46-9(1)(c)*

The Mississippi Tort Claims Act ("MTCA") provides:

(1)    A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

\* \* \*

(c)    Arising out of any act or omission of any employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury . . . .

MISS. CODE ANN. § 11-46-9(1)(c). Defendants argue that they are immune from liability for Plaintiff's state law claims because 1) he did not allege sufficient facts to demonstrate that they acted in reckless disregard of his safety and well-being, and 2) he was engaged in criminal activity at the time of injury.

"Reckless disregard . . . denotes more than negligence, but less than an intentional act." *City of Jackson v. Lewis*, 153 So. 3d 689, ¶ 5 (Miss. 2014) (punctuation omitted). The Mississippi Supreme Court has found "reckless disregard when the conduct involved evinced not only some appreciation of the unreasonable risk involved,

but also a deliberate disregard of that risk and the high probability of harm involved." *Id.* (punctuation omitted). The reckless disregard standard "embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." *Phillips v. Miss. Dep't of Pub. Safety*, 978 So. 2d 656, 661 (Miss. 2008).

Plaintiff alleged that a group of Hattiesburg police officers assaulted him for no reason and "fabricat[ed] a false claim" to justify their actions. He asserted intentional tort claims such as assault and battery. Construing his allegations in the light most favorable to him, the Court finds that they are sufficient to demonstrate that Defendants acted with reckless disregard for Plaintiff's safety and well-being.

Defendants alleged in briefing that Plaintiff was "ultimately convicted of resisting arrest and assaulting a police officer." While the Court may consider public records when deciding a motion under Rule 12(b)(6), *see Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007), Defendants failed to provide any public records to substantiate their representations. The Court, therefore, is limited to consideration of the Complaint, which does not indicate that Plaintiff was engaged in criminal activity at the time of injury.

However, § 11-46-9(1)(c) does provide immunity against Plaintiff's claims of negligence, gross negligence, and negligent infliction of emotional distress, as such claims necessarily do not reach the "reckless disregard" standard. *See Bonney v. Leflore County*, No. 4:11-CV-107-SA-JMV, 2013 U.S. Dist. LEXIS 42522, at *11-*12 (N.D. Miss. Mar. 26, 2013). Those claims are dismissed with prejudice.

    2.    *Statute of Limitation*

Next, Defendants argue that some of Plaintiff's state law claims are barred by the MTCA's one-year statute of limitations. The statute provides: "All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after." MISS. CODE ANN. § 15-1-35.

A claim for false arrest accrues on the day the arrest occurred. *See Hagan v. Jackson County*, No. 1:13-CV-268-HSO-RHW, 2014 U.S. Dist. LEXIS 138678, at *38 (S.D. Miss. Sept. 30, 2014); *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1217-18 (Miss. 1990). Plaintiff was arrested on November 4, 2012, and he did not file his Complaint until May 9, 2014. Therefore, his false arrest claim is barred by the applicable statute of limitations and dismissed with prejudice. *See* MISS. CODE ANN. § 15-1-35.

Likewise, a claim for false imprisonment accrues on the day of arrest. *Hagan*, 2014 U.S. Dist. LEXIS 138678 at *38; *Parker v. Miss. Game & Fish Comm'n*, 555 So. 2d 725, 727 (Miss. 1989). Plaintiff was arrested on November 4, 2012, and he did not file his Complaint until May 9, 2014. Therefore, his false imprisonment claim is barred by the applicable statute of limitations and dismissed with prejudice. *See* MISS. CODE ANN. § 15-1-35.

Claims for assault and battery accrue on the date the claimant is injured. *See Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 632, 641 (N.D. Miss. 2013); *Buchanan v. Gulfport Police Dep't*, No. 1:08-CV-1299-LG-RHW, 2011 U.S. Dist. LEXIS 157413, at

9

*11 (S.D. Miss. Feb. 3, 2011); *Woods v. Carroll County*, No. 4:07-CV-94-SA-DAS, 2008 U.S. Dist. LEXIS 68055, at *8 (N.D. Miss. Sept. 9, 2008); *Mound Bayou*, 562 So. 2d at 1217. Plaintiff was injured on November 4, 2012, and he did not file his Complaint until May 9, 2014. Therefore, his claims for assault and battery are barred by the applicable statute of limitations and dismissed with prejudice. *See* MISS. CODE ANN. § 15-1-35.

Finally, a claim for intentional infliction of emotional distress accrues on the date upon which the intentional acts forming the basis of the claim occurred. *CitiFinancial Mortg. Co. v. Washington*, 967 So. 2d 16, 19 (Miss. 2007); *Tisdale v. New Palace Casino*, No. 1:11-CV-166-HSO-JMR, 2011 U.S. Dist. LEXIS 133385, at *4-*5 (S.D. Miss. Nov. 17, 2011). Plaintiff's IIED claim arises from the events of November 4, 2012, and he did not file his Complaint until May 9, 2014. Therefore, the IIED claim is barred by the applicable statute of limitations and dismissed with prejudice. *See* MISS. CODE ANN. § 15-1-35; *Jones v. Fluor Daniel Servs. Corp.*, 32 So. 3d 417, 423 (Miss. 2010).

  3. *Slander and Libel*

"In Mississippi, a complaint alleging defamation must set forth the statements, paraphrased or verbatim, that constituted the defamation." *Cooper v. Paragon Sys., Inc.*, No. 5:08-CV-169-DCB-JMR, 2008 U.S. Dist. LEXIS 67761, at *8 (S.D. Miss. Sept. 5, 2008) (citing multiple cases); *see also Hayne v. Innocence Project*, No. 3:09-CV-218-KS-LRA, 2011 U.S. Dist. LEXIS 5586, at *5-*6 (S.D. Miss. Jan. 20, 2011); *Roop v. Melton*, No. 3:12-CV-116-GHD-SAA, 2014 U.S. Dist. LEXIS 79735, at *13-*14 (N.D. Miss. June 9, 2014). Plaintiff did not plead any alleged defamatory statements.

Therefore, he failed to state a claim for slander or libel.[1]

### 4. *MTCA – Scope of Employment*

The MTCA waived the City's sovereign immunity "from claims for money damages arising out of torts of . . . governmental entities and the torts of their employees while acting within the course and scope of their employment . . . ." MISS. CODE ANN. § 11-46-5(1). However, "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." MISS. CODE ANN. § 11-46-5(2).

Therefore, the City has not waived its immunity from liability against Plaintiff's claims for libel and slander. *Id.* Likewise, it has not waived its immunity from liability against Plaintiff's claims for assault, battery, civil conspiracy, false arrest, false imprisonment, and intentional infliction of emotional distress, as each claim involves allegations of malice. *See McPhail v. City of Jackson*, No. 3:13-CV-146-HSO-RHW, 2014 U.S. Dist. LEXIS 84962, at *28-*29 (S.D. Miss. June 23, 2014); *R.S. v. Starkville Sch. Dist.*, No. 1:12-CV-88-SA-DAS, 2013 U.S. Dist. LEXIS 134264, at *43-*45 (N.D. Miss. Sept. 19, 2013); *Delaney v. Miss. Dep't of Pub. Safety*, No. 3:12-CV-229-TSL-MTP, 2013 U.S. Dist. LEXIS 9600, at *17-*18 (S.D. Miss. Jan. 24, 2013); *McBroom v. Payne*, No.

---

[1] The Court further notes that any claim for slander or libel would be subject to the one-year statute of limitations of MISS. CODE ANN. § 15-1-35, and such claims accrue on the date of publication. *See EEOC v. S. Pub. Co.*, 732 F. Supp. 682, 683 (S.D. Miss. 1988); *Staheli v. Smith*, 548 So. 2d 1299, 1302 (Miss. 1989).

1:06-CV-1222-LG-JMR, 2010 U.S. Dist. LEXIS 107124, at *23-*24 (S.D. Miss. Oct. 6, 2010). Those claims are dismissed with prejudice.

    *5.    Conversion*

"[T]o make out a conversion, there must be proof of a wrongful possession, or the exercise of a dominion in exclusion or the defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand." *Wilson v. GMAC*, 883 So. 2d 56, 68 (Miss. 2004). Plaintiff alleged no facts indicating that Defendants wrongfully possessed, used, or detained his property in exclusion or defiance of his rights. Therefore, he failed to state a claim for conversion, and that claim is dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** Defendants' Motion to Dismiss [3]. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1985(3), his § 1983 municipal liability claims, his § 1983 failure to train/supervise claims, and his claims against the Hattiesburg Police Department. The Court likewise dismisses Plaintiff's state law tort claims.

To the extent the Court's rulings are based upon mere pleading deficiencies – rather than substantive bars to recovery such as statutory immunity or a statute of limitations – Plaintiff may file an Amended Complaint that cures the pleading deficiencies within fourteen (14) days of the entry of this opinion. Failure to timely do so will result in dismissal of the insufficiently pleaded claims.

Finally, Plaintiff's complaint is a prototypical example of "a shotgun approach

to pleadings," in which "the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick." *S. Leasing Partners, Ltd. v. McMullen*, 801 F.2d 783, 788 (5th Cir. 1986). This Court has repeatedly warned attorneys against such pleading practices. *See Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2014 U.S. Dist. LEXIS 22052, at *5 n. 3 (S.D. Miss. Feb. 21, 2014); *Ward v. Life Investors Ins. Co. of Am.*, 383 F. Supp. 2d 882, 889 (S.D. Miss. 2005); *Austin v. Bayer Pharms. Corp.*, No. 5:13-CV-28-KS-MTP, 2013 U.S. Dist. LEXIS 137480, at *5 n. 1 (S.D. Miss. Sept. 25, 2013); *BC's Heating & Air & Sheet Metal Works, Inc. v. Vermeer Mfg. Co.*, No. 2:11-CV-136-KS-MTP, 2012 U.S. Dist. LEXIS 24420, at *27 (S.D. Miss. Feb. 27, 2012).

The Eleventh Circuit astutely described the problems that "shotgun pleading" causes:

> If the trial judge does not quickly demand repleader, all is lost – extended and aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits. Given the massive record and loose pleadings before it, the trial court, whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials; the case therefore proceeds to trial without proper delineation of issues, as happens frequently. An appeal ensues, and the court of appeals assumes the trial court's responsibility of sorting things out. The result is a massive waste of judicial and private resources; moreover, the litigants suffer, and society loses confidence in the courts' ability to administer justice.

*Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (punctuation, internal citations omitted). The Fifth Circuit has observed that "shotgun pleading" of this sort treads dangerously close to Rule 11 territory. *McMullan*, 801 F.2d at 788 ("If Rule 11 is to mean anything and we think it does, it must mean an

end to such expeditionary pleadings."); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125-28 (11th Cir. 2014) (decrying shotgun pleading and the "discovery goat rodeo" that inevitably follows it).

Vague, imprecise "shotgun" pleading clouds the legal and factual issues in a case. At best, it indicates an attorney's failure to fully analyze the case and adopt a coherent defense or theory of liability. At worst, it constitutes intentional obfuscation. Regardless of the attorney's motivation, it escalates the cost of litigation for both the parties and the Court, requiring voluminous discovery and motions to pinpoint the specific issues for trial – a task that Rule 11 requires attorneys to perform, to some degree, before they file a pleading. *See* FED. R. CIV. P. 11(b)(2). Thus far, warnings appended to orders have not remedied this problem. If that trend continues, the undersigned judge will be forced to consider other measures.

SO ORDERED AND ADJUDGED this 20th day of February, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE