## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**JOHNNY LEE DUCKSWORTH**                                          **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 2:14-CV-146-KS-MTP**

**ZACHARY ROOK,** *et al.*                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Plaintiff's Motion to Alter or Amend [19], **grants** Defendants' Motion to Dismiss [22] pursuant to Rule 12(b)(6), and **grants** Defendants' Motion to Dismiss [29].

### I. BACKGROUND

The Court provided the background of this case in its previous opinion. *Ducksworth v. Rook*, No. 2:14-CV-146-KS-MTP, 2015 U.S. Dist. LEXIS 20563, at *2 (S.D. Miss. Feb. 20, 2015). The Court previously granted in part and denied in part Defendants' Motion to Dismiss [3]. *Id.* at *14. Specifically, the Court granted the motion as to Plaintiff's § 1985(3) claims, § 1983 municipal liability claims, § 1983 failure to train/supervise claims, claims against the Hattiesburg Police Department, and state-law tort claims. *Id.* However, the Court offered Plaintiff an opportunity to cure the pleading deficiencies outlined in the opinion. *Id.*

Plaintiff filed an Amended Complaint [17] on March 6, 2015. Two weeks later, Plaintiff filed a Motion to Alter or Amend [19] the Court's dismissal of his state-law tort claims. Defendants then filed a second Motion to Dismiss [22] pursuant to Rule 12(b)(6),

and a Motion to Dismiss [29] pursuant to *Heck v. Humphrey*[1] and the *Rooker-Feldman* doctrine.[2] All pending motions are ripe for review.

## II. MOTION TO ALTER OR AMEND [19]

Plaintiff originally asserted a wide variety of state-law tort claims: negligence, gross negligence, false arrest, false imprisonment, slander, libel, assault, battery, conversion, civil conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Ducksworth*, 2015 U.S. Dist. LEXIS 20563 at *8. The Court dismissed most of these claims, citing a variety of reasons. *Id.* at *10-*14.

First, the Court held that the Mississippi Tort Claims Act ("MTCA")[3] provided the City and the individual Defendants with immunity from liability for Plaintiff's claims of negligence, gross negligence, and negligent infliction of emotional distress. *Id.* at *10 (citing MISS. CODE ANN. § 11-46-9(1)(c); *Bonney v. Leflore County*, No. 4:11-CV-107-SA-JMV, 2013 U.S. Dist. LEXIS 42522, at *11-*12 (N.D. Miss. Mar. 26, 2013)). Second, the Court held that Plaintiff's claims of false arrest, false imprisonment, assault, battery, and intentional infliction of emotional distress were barred by the applicable statute of limitations. *Id.* at *10-*12 (citing MISS. CODE ANN. § 15-1-35). Third, the Court dismissed Plaintiff's claims for libel and slander because he failed to allege any defamatory

---

[1] *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

[2] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

[3] MISS. CODE ANN. § 11-46-1, *et seq.*

statements. *Id.* at *12 (citing *Cooper v. Paragon Sys., Inc.*, No. 5:08-CV-169-DCB-JMR, 2008 U.S. Dist. LEXIS 67761, at *8 (S.D. Miss. Sept. 5, 2008)). Fourth, the Court held that the City and the individual Defendants in their representative or official capacity were immune from liability against Plaintiff's claims for libel, slander, assault, battery, civil conspiracy, false arrest, false imprisonment, and intentional infliction of emotional distress. *Id.* at *13 (citing MISS. CODE ANN. § 11-46-5(1)-(2) and multiple cases). Finally, the Court dismissed Plaintiff's conversion claim because Plaintiff failed to plead any facts indicating that Defendants had wrongfully possessed, used, or detained his property in exclusion or defiance of his rights. *Id.* at *13-*14 (citing *Wilson v. GMAC*, 883 So. 2d 56, 68 (Miss. 2004)).

Plaintiff now argues that his claims for false arrest, false imprisonment, assault, battery, and intentional infliction of emotional distress were not barred by the applicable statute of limitations. He contends that the applicable statute of limitations is located at MISS. CODE ANN.§ 11-46-11(3), and that it was tolled pursuant to MISS. CODE ANN. § 11-46-11(3)(a).

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica County*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have

been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id*. Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

As the Court previously noted, the MTCA waived the City's sovereign immunity "from claims for money damages arising out of torts of . . . governmental entities and the torts of their employees while acting within the course and scope of their employment . . . ." MISS. CODE ANN. § 11-46-5(1). But "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." MISS. CODE ANN. § 11-46-5(2). Therefore, the Court held that the City and individual Defendants in their representative or official capacities were immune from liability for Plaintiff's claims of false arrest, false imprisonment, assault, battery, and intentional infliction of emotional distress. *Ducksworth*, 2015 U.S. Dist. LEXIS 20563 at *13 (citing MISS. CODE ANN. § 11-46-5(1)-(2) and multiple cases).

Of course, the individual Defendants may still be liable in their personal or individual capacity for acts or omissions that were not within the course and scope of their employment – if the tort claims at issue are not otherwise barred. *See, e.g. Meaux*

4

*v. State of Mississippi*, No. 1:14-CV-323-KS-RHW, 2015 U.S. Dist. LEXIS 73749, at *11-*17 (S.D. Miss. June 8, 2015). Plaintiff argues that his claims for false arrest, false imprisonment, assault, battery, and intentional infliction of emotional distress are not barred by the applicable statute of limitations because of the tolling provision in MISS. CODE ANN. § 11-46-11(3)(a). However, the MTCA's notice provisions "are not applicable to a government employee sued in his individual capacity for actions not within the scope of his employment." *McGehee v. DePoyster*, 708 So. 2d 77, 78 (Miss. 1998). By definition, a government employee is not "acting within the course and scope of his employment" if his conduct "constituted fraud, malice, libel, slander, defamation, or any criminal offense other than traffic violations," MISS. CODE ANN. § 11-46-5(2), and each of the claims previously dismissed pursuant to the statute of limitations fall within that definition. *See Ducksworth*, 2015 U.S. Dist. LEXIS 20563 at *13 (citing multiple cases).

Therefore, the claims at issue fall outside the scope of the MTCA, and they are subject to the general statute of limitations for intentional torts located at MISS. CODE ANN. § 15-1-35.[4] *Id.* at *10-*12 (citing multiple cases); *see also Borgognoni v. City of Hattiesburg*, No. 2:13-CV-241-HSO-RHW (S.D. Miss. Mar. 31, 2015), ECF No. 111. Accordingly, the Court properly applied the correct statute of limitations, and it must deny Plaintiff's Motion to Alter or Amend.

### III. MOTION TO DISMISS [22]

---

[4]In the Court's previous order, although it properly applied the statute, it mistakenly referred to MISS. CODE ANN. § 15-1-35 as "the MTCA's one-year statute of limitations." *Id.* at *10. It is not part of the MTCA.

In the Court's previous opinion, it dismissed several of Plaintiff's claims pursuant to Rule 12(b)(6). First, the Court dismissed Plaintiff's claim under 42 U.S.C. § 1985(3) because Plaintiff failed to allege any facts indicating that Defendants' actions were motivated by "a class-based animus," and he failed to allege that he is a member of a protected class. *Ducksworth*, 2015 U.S. Dist. LEXIS 20563 at *4 (quoting *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994)). The Court also dismissed Plaintiff's Section 1983 claims against the City and the individual Defendants in their official capacities because Plaintiff failed to allege any specific policy statement, ordinance, regulation, decision, or custom that was the "moving force" behind the alleged constitutional violations. *Id.* at *5-*6 (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). Likewise, Plaintiff alleged no specific facts indicating a "pattern and practice" of similar alleged constitutional violations. *Id.* at *6. The Court dismissed Plaintiff's Section 1983 claims arising from Defendants' alleged failure to adequately train and/or supervise employees. *Id.* at *7. Plaintiff failed to allege any specific deficiencies in the City's training or supervision of its personnel, and he failed to allege any specific facts indicating a pattern of similar violations. *Id.* (citing *Connick v. Thompson*, – U.S. – , 131 S. Ct. 1350, 1360, 179 L. Ed. 2d 417 (2011); *Kitchen v. Dallas County*, 759 F.3d 468, 484 (5th Cir. 2014)). Finally, the Court dismissed Plaintiff's freestanding claims against the Hattiesburg Police Department, because it is not a separate entity from the City of Hattiesburg. *Id.* (citing cases).

The Court allowed Plaintiff to file an amended complaint and correct the pleading deficiencies noted in its opinion. *Id.* at *14. Plaintiff filed an Amended Complaint [17],

and Defendant filed a second Motion to Dismiss [22], arguing that Plaintiff had failed to correct his insufficient pleading .

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

## A.   *42 U.S.C. § 1985(3)*

First, Defendants argue that Plaintiff pleaded insufficient facts to support a claim under 42 U.S.C. § 1985(3). Specifically, Defendants argue that Plaintiff failed to provide specific facts indicating that they were motivated by class-based animus. "To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purposes of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the

7

conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Hilliard*, 30 F.3d at 652-53. The plaintiff must also allege "that the conspiracy was motivated by a class-based animus." *Id.* at 653.

Plaintiff argues that the following paragraph from the Amended Complaint [17] satisfies the "class-based animus" requirement:

> The Plaintiff had been subjected to harassment by the local police in the past. However, never before had he experienced the brutality and animus from the law enforcement officers that he experienced on the night of November 4, 2012. He experienced cruelty and violence when he, a black man, ventured out alone at night to go to the convenience store, and he continues to suffer as a result of the attack that he sustained.

But this paragraph provides no specific facts indicating that Defendants were motivated by Plaintiff's race. Plaintiff apparently assumes that Defendants were motivated by racial animus because 1) he is an African-American, 2) he had allegedly been harassed by police in the past, and 3) Defendants allegedly beat him. Plaintiff has not cited any legal authority in support of this argument. Regardless, the argument is illogical. Plaintiff may be African-African, and he may have been harassed and beaten by police officers. But it does not necessarily follow that he was harassed and beaten by police officers *because* he is African-American.

In the absence of any specific facts indicating that Defendants were motivated by racial animus, Plaintiff failed to state a claim under 42 U.S.C. § 1985(3). *Id.*; *cf. Delaney v. Miss. Dep't of Pub. Safety*, No. 3:12-CV-229-TSL-MTP, 2013 U.S. Dist. LEXIS 9600, at *25-*26 (S.D. Miss. Jan. 24, 2013) (where plaintiff alleged that he was African-American and defendants were Caucasian, he failed to allege sufficient facts to demonstrate racial

animus under § 1981).

**B.      42 U.S.C. § 1983 – Municipal Liability**

The Court previously explained the requirements for holding a municipality or its employees in their official capacity liable under Section 1983. *Ducksworth*, 2015 U.S. Dist. LEXIS 20563 at \*4-\*6. It held that Plaintiff alleged no specific policy statement, ordinance, regulation, decision, or custom that was the moving force behind the alleged constitutional violations. *Id.* at \*5-\*6. It also held that Plaintiff provided no specific facts indicating a "pattern or practice" of similar violations. *Id.* at \*6.

In the Amended Complaint, Plaintiff broadly alleged that Defendants acted "as part . . . of a course of conduct that resulted from a pattern and practice that has become so pervasive within [their] ranks . . . that [it] has risen to the level of policy . . . which the Defendants . . . ha[ve] not only condoned but encourage[d]." But he provided no specific facts to support his conclusory allegations. In fact, Plaintiff admitted in briefing that "he has absolutely no knowledge of any additional facts or evidence which he can plead at this time," and that he has "absolutely no specific information, other than the fact that a gang of police officers . . . violated the constitutional rights of the Plaintiff." Therefore, the Court grants Defendants' motion to dismiss as to Plaintiff's Section 1983 claims against the City and the individual defendants in their official capacity, for the same reasons provided in its previous opinion. *See id.* at \*4-\*6.

**C.      42 U.S.C. § 1983 – Failure to Train or Supervise**

The Court previously explained the requirements for a § 1983 claim arising from a failure to train or supervise. *Id.* at \*6-\*7. It held that Plaintiff failed to allege any

9

specific deficiencies in the City's training or supervision, or any specific facts demonstrating a pattern of similar violations. *Id.* at *7. In the Amended Complaint, Plaintiff provided no new facts to support his failure to train or supervise claim. He admitted in briefing that "he has absolutely no knowledge of any additional facts or evidence which he can plead at this time" in support of this claim. He argues, however, that the severity of Defendants' alleged actions is sufficient to demonstrate that the City's training and supervision was deficient. He cited no authority to support this argument.

To succeed on a Section 1983 claim arising from a municipality's failure to train or supervise its employees, a plaintiff must demonstrate that: "(1) the municipality's training policy procedures were inadequate, (2) the municipality was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused the constitutional violation." *Kitchen*, 759 F.3d at 484 (punctuation omitted). There are two ways a plaintiff can establish a municipality's deliberate indifference and satisfy the second prong of the analysis. *Id.* First, he can "demonstrate that a municipality had notice of a pattern of similar violations, which were fairly similar to what ultimately transpired when the plaintiff's own constitutional rights were violated." *Id.* Second, the Supreme Court has recognized a "limited exception for 'single-incident liability' in a 'narrow range of circumstances' where a constitutional violation would result as 'the highly predictable consequence' of a particular failure to train." *Id.* (citing *Connick*, 131 S. Ct. at 1360-61; *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 n. 10, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)). The Fifth Circuit has described this second option as an "extremely narrow category of claims where the unconstitutional

10

consequences of failing to train could be so patently obvious that a city or other local government could be liable under § 1983 without proof of a pre-existing pattern of violations." *Prince v. Curry*, 423 F. App'x 447, 451-52 (5th Cir. 2011).

Plaintiff failed to cite any authority which would place the facts as alleged here within the narrow category of "single-incident liability" claims contemplated by *Connick*. Even if the Court assumes that Plaintiff's allegations fall within that narrow class of claims, that only satisfies the second prong of the failure-to-train analysis. *See Kitchen*, 759 F.3d at 484. The Amended Complaint contains no specific facts to support the first prong of the analysis, regarding the City's training/supervision policies and procedures. *Id.* "The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997); *see also Whitley v. Hanna*, 726 F.3d 631, 649 (5th Cir. 2013) (complaint must contain specific facts about municipal policy). Therefore, the Court grants Defendants' motion to dismiss as to Plaintiff's § 1983 claim arising from the City's alleged failure to train or supervise its employees, for the same reasons provided in its previous opinion. *See Ducksworth*, 2015 U.S. Dist. LEXIS 20563 at *7.

## D.   *Hattiesburg Police Department*

The Court previously explained that the Hattiesburg Police Department is not a separate legal entity from the City of Hattiesburg. *Id.* Plaintiff now argues that the Hattiesburg Police Department may have "jural authority," but he admits that he neither knows nor alleged any facts to support this argument.

11

"The capacity of an entity to be sued is determined by the law of the state where the court is located." *Crull v. City of New Braunfels*, 267 F. App'x 338, 341 (5th Cir. 2008) (citing FED. R. CIV. P. 17(b); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)). "In order for a plaintiff to sue a department of a city, that department must enjoy a separate legal existence. Unless the political entity that created the department has taken explicit steps to grant the servient agency with jural authority, the department lacks the capacity to sue or to be sued." *Id.* (citations omitted).

Plaintiff alleged no facts indicating that the City of Hattiesburg granted the Hattiesburg Police Department jural authority. Regardless, "[u]nder Mississippi law, a municipality's police department is not a legal entity separate and apart from the municipality." *Bradley v. City of Hattiesburg*, No. 2:12-CV-206-HSO-RHW, 2014 U.S. Dist. LEXIS 34446, at *7 (S.D. Miss. Mar. 17, 2014) (citing MISS. CODE ANN. § 21-17-1(1); *Upchurch v. Moss Point*, No. 1:10-CV-228-LG-RHW, 2011 U.S. Dist. LEXIS 124116, 2011 WL 5082224, at *3 (S.D. Miss. Oct. 26, 2011); *Stewart v. Perry*, No. 1:07-CV-1270-WJG-JMR, 2008 U.S. Dist. LEXIS 81118, 2008 WL 4145216, at *1 (S.D. Miss. Sept. 4, 2008)). Therefore, the Court dismisses Plaintiff's claims against the Hattiesburg Police Department for the same reason provided in its previous opinion. *Ducksworth*, 2015 U.S. Dist. LEXIS 20563 at *7.

**E.**   ***Summary***

For the reasons above, the Court grants Defendant's Motion to Dismiss [22] certain claims asserted in Plaintiff's Amended Complaint. The Court dismisses Plaintiff's Section 1985 claims, Section 1983 municipal liability claims, Section 1983 failure-to-

12

train/supervise claims, and claims against the Hattiesburg Police Department for the same reasons provided in its previous opinion.

### IV. MOTION TO DISMISS [29]

Defendant argues that Plaintiff's § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).[5] "*Heck* prohibits a plaintiff from using a § 1983 suit to challenge the validity of his conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has in some way been reversed or invalidated." *Daigre v. City of Waveland*, 549 F. App'x 283, 286 (5th Cir. 2013). Therefore, "a plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Bush v. Strain*, 513 F.3d 492, 498 n. 14 (5th Cir. 2008).

Although Plaintiff disputes Defendants' version of the events which led to his arrest and conviction, he does not dispute that he was convicted of disorderly conduct, assault and battery of a police officer, and resisting arrest. Defendants provided evidence of the convictions [29-3],[6] and Plaintiff has not alleged or provided evidence that the convictions were invalidated or reversed. In pertinent part, Plaintiff alleges that a group of police officers attacked him for no reason whatsoever. He alleges that Defendants "exercise[d] . . . unnecessary and unlawful use of force when they . . . detained him," and

---

[5]It is not necessary for the Court to address Defendants' *Rooker-Feldman* argument.

[6]The Court may consider public records when addressing a motion under Rule 12(b)(6). *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007).

that they "illegally fabricat[ed] a false claim to justify wrongfully arresting and imprisoning [him and] detaining him . . . ." The Court must determine whether Plaintiff's claims are inconsistent with his convictions.

This case is analogous to the Fifth Circuit cases of *Deleon v. City of Corpus Christi*, 488 F.3d 649, 656-67 (5th Cir. 2007) (*Heck* barred excessive force claim where plaintiff convicted of aggravated assault on the officer alleged he had done nothing wrong and was attacked by officers); *Daigre v. City of Waveland*, 549 F. App'x 283, 286-87 (5th Cir. 2013) (where plaintiff convicted of resisting arrest alleged that she was wholly innocent, her excessive force claim was barred by *Heck*); and *Arnold v. Town of Slaughter*, 100 F. App'x 321, 324-25 (5th Cir. 2004) (where plaintiff convicted of resisting an officer alleged that he did nothing wrong and was attacked for no reason, his excessive force claim was barred by *Heck*). In each of these cases, the Fifth Circuit held that a plaintiff's allegation of an unprovoked attack by law enforcement officers directly challenged the validity of his subsequent arrest. *Deleon*, 488 F.3d at 656-57; *Daigre*, 549 F. App'x at 286-87; *Arnold*, 100 F. App'x at 324-25.

Like the plaintiffs in *Deleon*, *Daigre*, and *Arnold*, Plaintiff "still thinks he's innocent." *Deleon*, 488 F.3d at 657. In fact, he specifically alleged that Defendants "exercise[d] . . . unnecessary and unlawful use of force when they . . . detained him," and that they "illegally fabricat[ed] a false claim to justify wrongfully arresting and imprisoning [him and] detaining him . . . ." All of Plaintiff's § 1983 claims flow from these allegations. His "broad claims of innocence relate to the entire arrest encounter, and not merely a discrete part of it." *Daigre*, 549 F. App'x at 287. Accordingly, "[t]here is no

14

alternative pleading or theory of recovery that would allow" his claims to proceed without challenging the validity of his convictions. *Deleon*, 488 F.3d at 656.

Accordingly, the Court grants Defendants' Motion to Dismiss [29] pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Plaintiff's § 1983 "claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Deleon*, 488 F.3d at 657.

## V. CONCLUSION

For the reasons above, the Court **denies** Plaintiff's Motion to Alter or Amend [19], **grants** Defendants' Motion to Dismiss [22] pursuant to Rule 12(b)(6), and **grants** Defendants' Motion to Dismiss [29] pursuant to *Heck v. Humphrey*.

The Court is uncertain as to whether any of Plaintiff's claims remain for adjudication. Counsel shall confer and contact the chambers of the undersigned judge within one week of the entry of this order to let the Court know whether any claims remain. If not, the Court will enter a Final Judgment consistent with this opinion.

SO ORDERED AND ADJUDGED this 18th day of June, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

15